JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-6210 ODW (JCx) | Date | 10/26/2011 |
| Title | Cedars-Sinai Medical Center v. SEIU United Health Workers-West | | |

Present: The Honorable Otis D. Wright II, United States District Judge

| Sheila English | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):            Attorneys Present for Defendant(s):

Not Present                                                  Not Present

**Proceedings (In Chambers):   Order Granting Motion to Dismiss [8]**

On July 27, 2011, Cedars-Sinai Medical Center ("Cedars") filed a Petition to Vacate Arbitrator's Ruling. [1] Specifically, Cedars seeks to vacate a ruling ordering Cedars to "disclose certain records of a patient." (Opp'n at 1.) On August 19, 2011, Defendant filed a motion to dismiss the petition for lack of jurisdiction. [8] Cedars acknowledges the order is not final but contends, first, that the parties agreed to this judicial review and, second, that this matter is subject to review as an "extreme case." (Opp'n at 4) (citing *Aerojet-General Corp. v. American Arbitration Assn.*, 478 F.2d 248, 251 (9th Cir. 1973)).

First, private agreement does not confer jurisdiction upon this Court. *See, e.g., Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir.1988) ("The parties have no power to confer jurisdiction on the district court by agreement or consent."). And second, the Court agrees with Defendant that this is not an "extreme case" because, among other things, "HIPAA specifically authorizes the disclosure of the patient medical records to the Union." (Reply at 4.)

**SO ORDERED**

|  |  | ---- | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | SE | | |